UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GLORIA FRIC, | § | |
|     Plaintiff | § | |
| | § | CIVIL NO. 6:21-CV-00042 |
| | § | (JURY DEMANDED) |
| VS. | § | |
| | § | |
| ALLSTATE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Defendant | § | |

**JOINT PRETRIAL ORDER**

1.  <u>APPEARANCE OF COUNSEL</u>

<u>Plaintiff:</u>

Gloria Fric                         Jim Cole
                                    State Bar No.: 04538500
                                    Federal I. D. No.:  5883
                                    Samuel Cole
                                    State Bar No.: 24099154
                                    Cole, Cole, Easley & Sciba, P.C.
                                    302 W. Forrest
                                    Victoria, Texas 77901
                                    Email: jcole@cceslaw.com & sam@cceslaw.com
                                    Ph.:    (361) 575-0551
                                    Fax:    (361) 575-0986
                                    Attorney for Plaintiff

<u>Defendant:</u>

Allstate Life Insurance Company  David P. Donahue (admitted pro hac vice)
                                    State Bar No.: AL 3216-H49D
                                    Louis F. Mendez (admitted pro hac vice)
                                    State Bar No.:  AL 3698-E46J
                                    Bressler, Amery & Ross, P.C.
                                    2001 Park Place, Suite 1500
                                    Birmingham, AL 35203
                                    Ph.:    205-719-0400

- 1 -

ddonahue@bressler.com &
lmendez@bressler.com

Donald R. Littlefield
State Bar No.: 12427350
Susan A. Logsdon
State Bar No.: 00999300
Bressler, Amery & Ross, P.C.
3700 Buffalo Speedway, Suite 1020
Houston, Texas 77098
Ph.:    713-403-6400
dlittlefield@bressler.com &
slogsdon@bressler.com
Attorneys for Defendant

2.    STATEMENT OF THE CASE

This case involves Plaintiff Gloria Fric's various claims relating to a $200,000 life insurance policy issued to her late husband David Fric by Defendant Allstate Life Insurance Company on February 17, 1987. The policy number for Mr. Fric's Allstate life insurance policy was 785724831. The Allstate agent for the Policy was Mr. Roland Grote. David Fric died on October 18, 2020.

Plaintiff alleges that since February 17, 1987, David Fric had a $200,000 life insurance policy in effect.

Plaintiff alleges Mr. Fric's funeral home submitted proof of death.

Plaintiff alleges that Defendant refused to pay benefits because it had unlawfully cancelled the policy.

Plaintiff alleges that on July 17, 2017, she and Mr. Fric signed an EFT Document in which Allstate agreed to withdraw premiums from Mr. Fric's account to keep his policy in effect.

Plaintiff alleges that under the EFT Document Defendant's agent was authorized to increase the amount of the premiums as necessary to keep the policy in effect and Plaintiff relied on Defendant to do so.

Plaintiff alleges that around November 2019, Defendant stopped withdrawing premiums in violation of the EFT Document, and as a result, the policy lapsed.

Plaintiff alleges that because of Defendant's misleading statements, implications, and promises, Plaintiff believed that Defendant would continue to withdraw premiums as necessary to keep the policy in effect.

Plaintiff alleges that at all relevant times, Plaintiff's bank account had enough money in it to pay the premiums.

Allstate contends that the plain language of the July 17, 2017 EFT Document did not require Allstate nor its agent Mr. Grote to make changes to Mr. Fric's premium amount without a prior request from Mr. Fric. The EFT Document "authorized" Allstate and Mr. Grote to make changes to the premium amount but did not require them to do so.

Furthermore, Allstate alleges that Allstate sent an October 18, 2019 grace period notice to Mr. Fric advising that the policy value was not sufficient to cover the monthly insurance costs, and providing that a payment of $1,064.59 was due by December 16, 2019 in order to keep the Policy in force. Plaintiff and Mr. Fric received this letter, but did not contact Allstate or otherwise respond to it.

Allstate alleges that, on December 17, 2019, after Plaintiff and Mr. Fric failed to respond to Allstate's October 18, 2019 letter, Allstate sent an additional letter to Mr. Fric advising that the Policy had lapsed. Plaintiff and Mr. Fric also received this letter, but did not contact Allstate or otherwise respond to it.

Allstate asserts it is not liable for any of the claims asserted by Plaintiff and Plaintiff is not entitled to any of the relief she seeks in this case.

3.    JURISDICTION

Jurisdiction is conferred on this U.S. District Court because there is diversity of citizenship between the parties as provided by 28 U.S.C.§1332(a).

4.    MOTIONS

Motions pending are:

a) Plaintiff's Motion For Partial Summary Judgment;
b) Allstate's Cross Motion For Summary Judgment;
c) Plaintiff's Motion in Limine; and
d) Allstate's Motions in Limine

5.    CONTENTIONS OF THE PARTIES

**Plaintiff's contentions:**

This is a suit to recover damages arising from Defendant's unfair and unlawful cancellation of a life insurance policy, Policy Number 785724831, that it sold to David Fric, deceased. Plaintiff seeks relief under common law, the Deceptive Trade Practices

Act, and the Texas Insurance Code.

David Fric died on October 18, 2020, after a long illness. Since February 17, 1987, he had a $200,000 life insurance policy in effect. Mr. Fric's funeral home submitted proof of death. Nevertheless, Defendant refused to pay benefits because it had unlawfully cancelled the policy. To wit, Defendant agreed to withdraw premiums from Mr. Fric's account to keep his policy in effect. Defendant's agent was authorized to increase the amount of the premiums as necessary to keep the policy in effect and Plaintiff relied on Defendant to do so. Around November 2019, Defendants stopped withdrawing premiums in violation of their agreement. As a result, the policy lapsed.

Because of Defendant's misleading statements, implications, and promises, Plaintiff believed that Defendant would continue to withdraw premiums as necessary to keep the policy in effect. At all relevant times, Plaintiff's bank account had enough money in it to pay the premiums.

On April 13, 2021, Plaintiff sent the Defendant statutory notice and a demand for payment under TEX. BUS. & COM. CODE § 17.505(a), TEX. INS. CODE § 541.154, and other provisions of the Texas Insurance Code and DTPA. Defendant did not agree to the demand.

**Allstate's contentions:**

Allstate contends that the plain language of the July 17, 2017 EFT Document did not require Allstate nor its agent Mr. Grote to make changes to Mr. Fric's premium amount without a prior request from Mr. Fric. The EFT Document "authorized" Allstate and Mr. Grote to make changes, but did not require them to do so.

Furthermore, Allstate sent an October 18, 2019 grace period notice to Mr. Fric advising that the policy value was not sufficient to cover the monthly insurance costs, and providing that a payment of $1,064.59 was due by December 16, 2019 in order to keep the Policy in force. Plaintiff and Mr. Fric received this letter, but did not contact Allstate or otherwise respond to it.

Allstate had previously sent similar notices to Plaintiff and Mr. Fric, and each time Plaintiff and Mr. Fric had responded by making the necessary premium payment required to keep the Policy in force. Plaintiff and Mr. Fric had also authorized and approved numerous premium amount increases over the life of the Policy.

On December 17, 2019, after Plaintiff and Mr. Fric failed to respond to Allstate's October 18, 2019 letter, Allstate sent an additional letter to Mr. Fric advising that the Policy had lapsed. Plaintiff and Mr. Fric also received this letter, but also did not contact Allstate or otherwise respond to it.

Allstate is not liable for any of the claims asserted by Plaintiff and Plaintiff is not entitled to any of the relief she seeks in her Complaint.

6.    ADMISSIONS OF FACT

a)    Plaintiff is the named beneficiary of a $200,000 life insurance policy Allstate issued to David Joe Fric on February 17, 1987.

b)    Allstate has denied payment of the $200,000 life insurance benefits.

c)    The first page of the Policy states, "[Allstate] will pay the death benefit to the beneficiary when we receive due proof of the insured's death while the policy is in force prior to the Maturity Date."

d)    Under Grace Period, the Policy states,

"If on any monthly activity day the total of the cash value less any loan and less any accrued loan interest is determined to be less than the monthly deduction for the current policy month we will determine the number of days that total would cover on a pro-rata basis for the cost of insurance, expense deductions and loan interest, if any. We will then allow a grace period of 60 days. This contract will be in force during the grace period. If you do not make a sufficient payment by the end of the grace period, this contract will stop."

e)    On July 17, 2017, David Fric and Plaintiff Gloria Fric signed an Agreement for One-Time and Recurring Electronic Fund Transfers (the "EFT Document").

f)    Section C of the EFT Document states,

"**C. RECURRING PAYMENT INDOCUMENTATION** – Use this section to select your payment amount, draft date and frequency for your scheduled withdrawals.

"I (We) authorize [Allstate] and its affiliates and the financial institution designated to deduct payments from my (our) account through electronic fund transfer. I (We) further authorize [Allstate] to make changes to my (our) draft date; premium amount; mode frequency and/or initiate or change a loan repayment amount upon my (our) written, verbal or electronic request(s). All such requests will be confirmed by [Allstate] in writing."

g)    Section D of the EFT Document states,

"**D. AGENT AUTHORIZATIONS –** If a box isn't checked, your agent will be able to make changes on your behalf. I (We) give my acting agent the authorization to make the following EFT changes: draft date; premium amount; mode frequency and initiate or change loan repayment. Any such request will be confirmed by [Allstate] in writing."

h)      Section E of the EFT Document states,

"Electronic debit entries shall be initiated by [Allstate] to pay premiums and other charges and fees for or associated with the policy listed on this document or other policies as authorized and the entries shall constitute my receipt for the transaction(s)."

i)      Allstate's October 18, 2019 letter to David Fric advised that the Policy's value was not sufficient to cover the monthly insurance costs, and therefore the Policy was in its grace period.

j)      Allstate's October 18, 2019 letter to David Fric further advised that if the amount of $1,064.59 was not received by December 16, 2019, the Policy would lapse.

k)      David Fric and Plaintiff did not respond to Allstate's October 18, 2019 letter, or remit the required payment by December 16, 2019.

l)      Allstate's December 17, 2019 letter to David Fric indocumented him the Policy had lapsed due to Allstate not receiving the required amount.

m)      This letter also provided David Fric with instructions for reinstating the Policy and a reinstatement application.

n)      On October 18, 2020, David Fric passed away.

7.      <u>CONTESTED ISSUES OF FACT</u>

a)      The parties dispute whether or not the $200,000 life insurance policy issued to David Fric wrongfully lapsed or was wrongfully canceled.

b)      The parties dispute whether Allstate is liable to Plaintiff for the $200,000 life insurance policy benefits and attorneys' fees.

c)      The parties dispute whether Allstate engaged in any act or practice that could be considered a violation of Tex. Bus. & Com. Code §§ 17.50(a)(1)-(4), et seq.

d)      The parties dispute whether Allstate engaged in any act or practice that could be considered a violation of Chapter 541 of the Texas Insurance Code.

- 6 -

e)      The parties dispute whether Allstate engaged in any act or practice that could be considered a violation of the duty of good faith and fair dealing.

f)      The parties dispute whether Allstate engaged in any act or practice of fraud or misrepresentation.

g)      The parties dispute whether the July 17, 2017 EFT Document required Allstate to withdraw premiums sufficient or necessary to keep the Policy in force.

h)      The parties dispute whether Allstate promised in the EFT Document to withdraw premiums sufficient or necessary to keep the Policy in effect.

i)      The parties dispute whether Allstate sent the October 18, 2019 letter.

j)      The parties dispute whether Allstate sent the December 17, 2019 letter.

8.      <u>AGREED APPLICABLE PROPOSITIONS OF LAW</u>

The parties agree that Texas law is applicable to the Plaintiff's claims.

The four elements of a claim for breach of contract are: (1) a valid contract existed between the plaintiffs and the defendants; (2) the plaintiffs tendered perdocumentance or were excused from doing so; (3) the defendants breached the terms of the contract; and (4) the plaintiffs sustained damages as a result of the defendants' breach. *See Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

A valid contract requires: (1) an offer; (2) acceptance; (3) a meeting of the minds; (4) consent to the terms of the contract by all parties; (5) execution and delivery with the intent that the contract be mutual and binding; and (6) consideration. *Young v. Bank of Am., N.A.*, Civil Action No. H-12-3050, 2013 U.S. Dist. LEXIS 197618, at **4-5 (S.D. Tex. May 23, 2013).

A contract must be supported by consideration to be enforceable. *See Johnson v. Westfield Corp.*, CIVIL ACTION NO. 4:17−01568, 2019 U.S. Dist. LEXIS 156171, at *20 (S.D. Tex. Aug. 19, 2019). A lack of consideration occurs when a contract, at its inception, does not impose obligations on both parties. *Id.*

The entire instrument must be considered so that none of the provisions will be rendered meaningless. An interpretation of the contract which renders a provision meaningless is unreasonable and, therefore, not preferred. Similarly, if one party's interpretation would require the insertion of a qualifying phrase, that interpretation must be rejected as violating the rule of giving language its ordinary meaning. *County of Maverick v. Tex. Ass'n of Counties of Workers' Comp. Self-Ins. Fund*, 852 S.W.2d 700, 705 (Tex. App.−San Antonio 1993).

The determination of the existence of an ambiguity is exclusively one for the Court. *See Polaris Guidance Sys., LLC v. EOG Res., Inc.*, 575 S.W.3d 85, 89 (Tex. App. – Houston [14th Dist.] 2019) ("Whether a contract is ambiguous is a question of law for the court to decide by examining the agreement as a whole in light of the circumstances present when the contract was entered.")

A claim of fraud requires: (1) a material misrepresentation, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (5) which was relied upon, and (6) which caused injury. *Ryan v. Brookdale Int'l Sys.*, CIVIL ACTION H-06-01819, 2007 U.S. Dist. LEXIS 82359, at *10 (S.D. Tex. Nov. 6, 2007).

The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promissor; and (3) substantial reliance by the promisee to her detriment. See *Hunawill v. Bank of N.Y. Mellon*, CIVIL ACTION NO. G-13-355, 2014 U.S. Dist. LEXIS 191597, at *7 n. 6 (S.D. Tex. Apr. 14, 2014).

9.    <u>CONTESTED PROPOSITIONS OF LAW</u>

The parties dispute whether the EFT Document was a valid contract.

If it is a valid contract, the parties dispute whether Allstate breached the EFT Document.

The parties dispute whether Roland Grote was Plaintiff's agent or Allstate's agent for purposes of  changing the premium amount withdrawn from Plaintiff and David Fric's bank account to an amount sufficient to keep the Policy in effect.

The parties dispute whether Plaintiff can maintain claims under the Texas DTPA and Texas Insurance Code, and for breach of the duty of good faith and fair dealing without demonstrating a breach of an insurance contract or based solely on the breach of a contractual obligation.

10.    <u>EXHIBITS</u>

See attached Plaintiff's Exhibit List.

See attached Allstate's Exhibit List.

11.    <u>WITNESSES</u>

See attached Plaintiff's Trial Witness List.

See attached Allstate's Trial Witness List.

If any other witnesses will be called at the trial, their names, addresses, and the subject matter of their testimony will be reported to opposing counsel as soon as they are known. This restriction will not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

12.  <u>SETTLEMENT</u>

On April 13, 2021, sent a demand letter to Defendant demanding payment of the $200,000 life insurance policy, and Allstate denied payment.  On June 22, 2022, the parties mediated the case with mediator, Mary Thamm, but the parties were unable to reach a resolution.  All settlement efforts have been exhausted.  The case is unlikely to settle prior to trial.

13.  <u>TRIAL</u>

The trial will be a jury trial. The parties expect the probable length of trial will be three (3) days. The parties do not currently foresee any logistical problems for trial.

The parties do not oppose notetaking by jurors at trial.

14.  <u>ATTACHMENTS</u>

The parties' motions in limine, proposed topics and questions for examination of prospective jurors, proposed jury charges and motions in limine are attached hereto and will be filed as separate documents.

It is SO ORDERED.

Signed this ___ of _____, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

APPROVED:

September 29, 2022                          */S/ Jim Cole*

_____                    _____
Date                                       Jim Cole
                                           State Bar No. 04538500
                                           Federal Bar No. 5883
                                           Samuel Cole
                                           State Bar No.: 24099154
                                           COLE, COLE, EASLEY & SCIBA, P.C.
                                           302 W. Forrest
                                           Victoria, Texas 77901
                                           (361) 575-0551 - Telephone
                                           Email: jcole@colefirmservice.com
                                           **ATTORNEYS FOR PLAINTIFF**


September 29, 2022                         *s/ Louis F. Mendez*
Date                                       David P. Donahue (*pro hac vice*)
                                           Louis F. Mendez (*pro hac vice*)
                                           BRESSLER, AMERY & ROSS, P.C.
                                           2001 Park Place, Suite 1500
                                           Birmingham, AL 35203
                                           Telephone: (205) 719 0400
                                           Email: ddonahue@bressler.com
                                                    lmendez@bressler.com

                                           and

                                           Donald R. Littlefield, Esq.
                                           Texas Bar No. 12427350
                                           Susan A. Logsdon, Esq.
                                           Texas Bar No. 00999300
                                           BRESSLER, AMERY & ROSS, P.C.
                                           3700 Buffalo Speedway, Suite 1020
                                           Houston, TX 77098
                                           Tel.: 713-403-6400
                                           Email: dlittlefield@bressler.com
                                                    slogsdon@bressler.com
                                           *Attorneys for Defendant*
                                           *Allstate Life Insurance Company*