UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GLORIA FRIC, | § | |
|     Plaintiff | § | |
| | § | CIVIL NO. 6:21-CV-00042 |
| | § | (JURY DEMANDED) |
| VS. | § | |
| | § | |
| ALLSTATE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Defendant | § | |

## PLAINTIFF'S PROPOSED CHARGE

COMES NOW, Plaintiff, Gloria Fric**,** and makes and files this Proposed Charge in the above-numbered and styled cause.

Respectfully submitted,

COLE, COLE, EASLEY & SCIBA, P.C.
302 W. Forrest
Victoria, Texas 77901
(361) 575-0551 - Telephone
Email: jcole@colefirmservice.com

*/S/*
BY:_____
      JIM COLE
      State Bar No. 04538500
      Federal Bar No. 5883
      Samuel Cole
      State Bar No.: 24099154
      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing instrument was mailed or delivered to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure on this the 29th of September 2022.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GLORIA FRIC, | § | |
|      Plaintiff | § | |
| | § | CIVIL NO. 6:21-CV-00042 |
| | § | (JURY DEMANDED) |
| VS. | § | |
| | § | |
| ALLSTATE LIFE INSURANCE | § | |
| COMPANY, | § | |
|      Defendant | § | |

## **CHARGE OF THE COURT**

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty, as jurors, to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence of this case.  You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rules of law stated by me.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You, the Jury, are the sole and exclusive judge of the facts.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by prejudice or public opinion.  Both the parties and the public expect that

you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

<h2 style="text-align:center">THE EVIDENCE</h2>

You must consider only the evidence admitted in the case.  Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.  Statements and arguments of counsel are not evidence.

You are the sole judge of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  You may accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or "impeached" by contradictory evidence or by evidence that at other times the witness has made statements which are inconsistent with the witness' present testimony.  The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to establish the truth of the statements.  If you believe any witness has been impeached, and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

You may, in your determination of the facts of the case, consider both direct and circumstantial evidence.

<h2 style="text-align:center">PREPONDERANCE OF THE EVIDENCE</h2>

In a civil action such as this, each party asserting a claim, as hereinafter described, has the burden of proving every essential element of each of their claims by a

"preponderance of the evidence."  A "preponderance of the evidence" means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

This case should be considered and decided by you as an action among persons of equal standing in the community and holding the same or similar station in life.  A corporation is entitled to the same fair trial at your hands as is a private individual.  The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

## DAMAGES

It is also your duty to determine damages, if any, suffered by Jose Lozano.  In considering his damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of his damages, no more and no less.  Damages must not be based on speculation because it is only actual damages—what the law calls compensatory damages—that are recoverable.

Plaintiff claims damages for past and future physical pain and mental anguish, loss of earning capacity, physical impairment, and medical expenses.  Of course, the fact that I will give you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

## DEFINITIONS

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

## YOUR VERDICT

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced that you were wrong.  But do not surrender your honest conviction

as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will speak for you here in the courtroom.

A special verdict form has been prepared for your convenience. You will take this form to the jury room and when you have reached an agreement as to each question, you will have your foreperson fill in the appropriate answer. At the end of your deliberations, your foreperson will date and sign the form, and you will return with your verdict form to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

SIGNED AND ENTERED this _____ day of _____, 2022.


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GLORIA FRIC, | § | |
|     Plaintiff | § | |
| | § | CIVIL NO. 6:21-CV-00042 |
| | § | (JURY DEMANDED) |
| VS. | § | |
| | § | |
| ALLSTATE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Defendant | § | |

## **<u>VERDICT</u>**

## **QUESTION 1**

Did Defendant, Allstate Life Insurance Company, breach the Electronic Funds Transfer Agreement with Gloria Fric, which breach was a proximate cause of damage, if any, to Gloria Fric?

Answer "Yes" or "No":

a.     _____

Answer the following question only if you answered "No" to Question 1. Otherwise, do not answer this question.

## QUESTION 2

Did Gloria Fric substantially rely to her detriment on Defendant, Allstate Life Insurance Company's, promise, if any, and was this reliance foreseeable by Allstate Life Insurance Company?

Answer "Yes" or "No":

a.   _____

**QUESTION 3**

Did Defendant, Allstate Life Insurance Company, commit fraud against Gloria Fric?

Fraud occurs when—

1. A party makes a material misrepresentation, and

2. The misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3. The misrepresentation is made with the intention that it should be acted on by the other party, and

4. The other party justifiably relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means

a false statement or implication of fact; or

A promise or implication of future performance made with an intent, at the time the promise was made, not to perform as promised.

Answer "Yes" or "No":

a. _____

**QUESTION 4**

Did Allstate commit fraud by nondisclosure against Plaintiff?

Fraud by nondisclosure occurs when—

(1) a party fails to disclose a material fact within the knowledge of that party, and

(2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and

(3) the party intends to induce the other party to take some action by failing to disclose the fact, and

(4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

Answer "Yes" or "No":


a.   _____

**QUESTION 5**

Did Defendant, Allstate Life Insurance Company, engage in any unfair or deceptive act or practice that caused damages to Gloria Fric?

"Unfair or deceptive act or practice" includes any of the following:

- making a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy;

- making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

- failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made

Answer "Yes" or "No":

a.    _____

## QUESTION 6

Did Allstate engage in any false, misleading, or deceptive act or practice that Plaintiff relied on to her detriment and that was a producing cause of damages to Plaintiff?

"False, misleading, or deceptive act or practice" means any of the following:

- Representing that an agreement confers or involves rights that it did not have or involve; or

- Failing to disclose information about goods or services that was known at the time of the transaction with the intention to induce Plaintiff into a transaction she otherwise would not have entered into if the information had been disclosed.53

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

Answer "Yes" or "No":

a.   _____

## QUESTION 7

Did Defendant, Allstate Life Insurance Company, engage in any unconscionable action or course of action that was a producing cause of damages to Gloria Fric?

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the damages, if any. There may be more than one producing cause.

An unconscionable action or course of action is an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

Answer "Yes" or "No":

a. _____

Answer the following question only if you answered "Yes" to Questions 5, 6 or 7. Otherwise, do not answer this question.

## QUESTION 8

Did Allstate Life Insurance Company engage in any conduct described in questions 5, 6, or 7 knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found resulted in damages to Gloria Fric.

Answer "Yes" or "No":

a.    _____

## QUESTION  9

Did Allstate fail to comply with its duty of good faith and fair dealing to Plaintiff?

An insurer fails to comply with its duty of good faith and fair dealing by

(1) denying Plaintiff's claims without any reasonable basis; or

(2) refusing to pay Plaintiff's claim without conducting a reasonable investigation.

(3) canceling an insurance policy without a reasonable basis.

Answer "Yes" or "No":

a.    _____

Answer Question 10 if you answered "Yes" to any of Questions 1-7 or 9. Otherwise, do not answer Question 10.

## QUESTION 10

What sum of money, if paid now in cash, would fairly and reasonably compensate Gloria Fric for her damages, if any, that resulted from Allstate Life Insurance Company's wrongful cancellation of the $200,000.00 life insurance policy issued on the life of David Joe Fric?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

      a.     The loss of the Policy death benefit.

Answer: _____

      b.     Plaintiff's mental anguish sustained in the past

Answer: _____

      c.     Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.

Answer: _____

If you have answered "Yes" to Question 1 or Questions 5-7, then answer the following question. Otherwise, do not answer the following question.

## QUESTION 11

What is a reasonable fee for the necessary services of Gloria Fric's attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following:

    (a) For preparation and trial.


Answer: _____


    (b) For an appeal to the Court of Appeals.


Answer: _____


    (c) For an appeal to the United States Supreme Court


Answer: _____

Answer Question 12 if you answered "Yes" to Question 8. Otherwise, do not answer Question 12.

## QUESTION 12

What sum of money, if any, in addition to actual damages, should be awarded to Plaintiff against Allstate because Allstate's conduct was committed knowingly?

Answer in dollars and cents, if any.

Answer: _____

**QUESTION 13**

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

Do you find by clear and convincing evidence that the harm to Plaintiff resulted from gross negligence by Allstate?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by Allstate,

(1) which when viewed objectively from the standpoint of Allstate at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(2) of which Allstate had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No":

a. _____

**QUESTION 14**

Answer the following question only if you unanimously answered "Yes" to the previous question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Allstate and awarded to Plaintiff as exemplary damages, if any, for the conduct found in response to Question 2G?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

(1) The nature of the wrong.

(2) The character of the conduct involved.

(3) The degree of culpability of Allstate.

(4) The situation and sensibilities of the parties concerned.

(5) The extent to which such conduct offends a public sense of justice and propriety.

(6) The net worth of Allstate.

Answer in dollars and cents, if any.

        a.     _____

SIGNED this \_\_\_\_\_ day of _____, 2022.

_____
Foreperson