UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **GLORIA FRIC,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Case No. 6:21-CV-42 |
| **ALLSTATE LIFE INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § | |

## DEFENDANT'S MOTION TO SUPPLEMENT COURT'S STANDARD ORDER *IN LIMINE*

Defendant Allstate Life Insurance Company ("Allstate") respectfully requests that the Court supplement its Standard Order *in Limine* (Form 10) to exclude any and all evidence, and prohibit any and all exhibits, questions, references, testimony and arguments offered by Plaintiff or her counsel in the presence of the jury, whether in *voir dire*, opening statement, during the presentation of evidence, questions, or closing argument, concerning the following matters:

### Breach of Life Insurance Policy

Plaintiff should not be permitted to testify and Plaintiff's counsel should not be permitted to argue, suggest, or intimate that Allstate breached the life insurance policy at issue in this case. No such claim has been asserted in the Complaint, and Plaintiff has no evidence that she performed (by paying sufficient premiums) under the Policy's terms. Any such testimony or argument would only serve to confuse the jury and would be unfairly prejudicial to Allstate, and therefore should be excluded under Fed. R. Evid. 403.

**Parol Evidence to Vary or Contradict the Terms of the EFTA**

Parol evidence of any sort related to the meaning of the written terms of the EFTA should not be allowed unless or until a threshold determination is made by the Court as to whether an ambiguity exists. Only after a contract has been found to be ambiguous may parol evidence be admitted for the purpose of ascertaining the true intentions of the parties expressed in the contract. *See Texas v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006). The determination of the existence of an ambiguity is exclusively one for the Court. *See Polaris Guidance Sys., LLC v. EOG Res., Inc.*, 575 S.W.3d 85, 89 (Tex. App. – Houston [14th Dist.] 2019) ("Whether a contract is ambiguous is a question of law for the court to decide by examining the agreement as a whole in light of the circumstances present when the contract was entered.") Parol evidence, however, is not admissible for the purpose of creating an ambiguity. *See GE Capital Bus. Asset Funding Corp. v. S.A.S.E. Military, Ltd.*, 2004 U.S. Dist. LEXIS 26083, *8 (W.D. Tex. Dec. 22, 2004); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).

**Allstate's Advertising, Mottos, or Slogans**

Plaintiff and Plaintiff's counsel should not be permitted to use or refer to any of Allstate's advertising slogans or Allstate's advertising spokespersons (*e.g.*, "You're in Good Hands," or "Mayhem") during their questioning of witnesses, *voir dire*, opening statement, and/or closing statement. The use of Allstate's slogan(s) or spokespersons have no probative value and would be designed solely to unfairly prejudice the jury against Allstate. Any mention, reference, innuendo, interrogation, or questioning

referring to Allstate's advertising slogan(s) or spokesperson(s) is not relevant to any element of Plaintiff's causes of action and should not be permitted at trial.

Further, if evidence of some of the slogans was admitted, it could imply the existence of a higher legal standard for the duty of good faith and fair dealing than exists under applicable law, which would necessarily confuse the jury. For example, in *Hatch v. State Farm Fire & Cas. Co.*, the Wyoming Supreme Court held that testimony elicited as to whether State Farm acted like "a good neighbor" was improper on the basis that it "went beyond the industry standard for good faith and fair dealing in the investigation and handling of insurance claims,…nor could it have assisted the jury in understanding the evidence or determining any of the facts in issue." 930 P.2d 382, 389 (Wyo. 1997).

### Evidence Regarding Other Lawsuits

Evidence of other breach of contract or bad faith claims or lawsuits involving Allstate Life Insurance Company (or any related company) should not be allowed at trial, because there has been no showing, with competent proof, that the conduct at issue in any other claim or lawsuit is substantially similar to that involved in the instant case. Plaintiff cannot carry her burden of demonstrating substantially similar conduct occurring under substantially similar circumstances, as she has no direct evidence through witnesses who have personal knowledge of facts showing substantial similarity.

The introduction of evidence related to other breach of contract and/or bad faith claims, lawsuits, judgments, and/or settlements would also risk confusing the issues and misleading the jury. *See, e.g., State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423-24 (2003) (reversing judgment for the insured where the trial court admitted evidence

of other bad-faith claims involving dissimilar conduct by the insured); *Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 858 (S.D. Miss. 1990) ("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the Plaintiffs' in this litigation.") Allstate should only be required to defend against Plaintiff's claims in this proceeding, not the claims of all other insureds that have made claims or filed lawsuits against Allstate. Evidence related to other lawsuits would also be unduly prejudicial to Allstate because it would permit the jury to make negative assumptions about Allstate without Allstate being able to fully rebut the Plaintiff's evidence due to confidentiality provisions contained in the settlement agreements for the three other lawsuits. Therefore, such evidence should be barred pursuant to Fed. R. Evid. 403.

## CONCLUSION

Based on the foregoing, Defendant Allstate Life Insurance Company respectfully requests that the Court supplement its Standard Order *in Limine* limiting argument and testimony as set forth herein.

Dated: September 29, 2022         Respectfully Submitted,

                                            *s/ Louis F. Mendez*
                                            David P. Donahue (admitted *pro hac vice*)
                                            Louis F. Mendez (admitted *pro hac vice*)
                                            BRESSLER, AMERY & ROSS, P.C.
                                            2001 Park Place, Suite 1500
                                            Birmingham, AL 35203
                                            Telephone: (205) 719 0400
                                            Email: ddonahue@bressler.com
                                                         lmendez@bressler.com

                                            and

                                            Donald R. Littlefield, Esq.
                                            Texas Bar No. 12427350
                                            Susan A. Logsdon, Esq.
                                            Texas Bar No. 00999300
                                            BRESSLER, AMERY & ROSS, P.C.
                                            3700 Buffalo Speedway, Suite 1020
                                            Houston, TX 77098
                                            Tel.: 713-403-6400
                                            Email: dlittlefield@bressler.com
                                                         slogsdon@bressler.com

                                            *Attorneys for Defendant*
                                            *Allstate Life Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing served on the following via the Court's CM/ECF system on September 29, 2022:

Jim Cole, Esq.
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, TX 77901
jcole@colefirmservice.com

*Attorneys for Plaintiff*

                                            *s/ Louis F. Mendez*
                                            Louis F. Mendez

5