**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **GLORIA FRIC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Case No. 6:21-CV-42** |
| **ALLSTATE LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S PROPOSED JURY CHARGE**</u>

Defendant Allstate Life Insurance Company hereby submit its proposed jury charge.

Proposed Instruction 1 – Jury Charge; Bias—Corporate Party Involved

**MEMBERS OF THE JURY**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and

the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. [1]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

---

[1] Fifth Circuit Pattern Civil Jury Instructions § 3.1
[2] Fifth Circuit Pattern Civil Jury Instructions § 2.16

Proposed Instruction 2 – Burden of Proof: Preponderance of the Evidence

Plaintiff Gloria Fric has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Gloria Fric has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.[3]

---

[3] Fifth Circuit Pattern Civil Jury Instructions § 3.2

<u>Proposed Instruction 3 – Evidence; Stipulations of Fact</u>

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[4]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[5]

---

[4] Fifth Circuit Pattern Civil Jury Instructions § 3.3
[5] Fifth Circuit Pattern Civil Jury Instructions § 2.3

<u>Proposed Instruction 4 – Witnesses; Impeachment by Witness's Inconsistent Statement;
Witness Not Called</u>

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[6]

---

[6] Fifth Circuit Pattern Civil Jury Instructions § 3.4

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[7]

Witnesses were available to both sides. The parties cannot complain that witnesses were not called to testify, because either Plaintiff or Defendant could have called these witnesses.[8]

---

[7] Fifth Circuit Pattern Civil Jury Instructions § 2.11

[8] *Adapted from* Fifth Circuit Pattern Civil Jury Instructions § 2.9

Proposed Instruction 5 – No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[9]

---

[9] Fifth Circuit Pattern Civil Jury Instructions § 3.6

Proposed Instruction 6 – Definitions

As used in these instructions: (1) "Plaintiff" means Gloria J. Fric; (2) "Allstate" means Allstate Life Insurance Company; (3) "Mr. Fric" means David J. Fric; (4) the "Policy") means Allstate life insurance policy number 785724831 with a face amount of $200,000 issued to Mr. Fric on February 17, 1987; and (5) the "EFT Authorization" means the Agreement for One-Time and Recurring Electronic Fund Transfers dated July 17, 2017 and signed by Plaintiff and Mr. Fric.

Proposed Instruction 7 – Elements of Breach of Contract Claim

Plaintiff has asserted a claim for breach of contract against Allstate based on Allstate's alleged breach of the EFT Authorization. Allstate denies this claim. In order to demonstrate that Allstate breached the EFT Authorization, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) the EFT Authorization constituted a valid contract between Plaintiff and Allstate;

(2) Plaintiff tendered performance under the EFT Authorization or was excused from doing so;

(3) Allstate breached the express terms of the EFT Authorization; and

(4) Plaintiff sustained damages as a result of Allstate's breach of the EFT Authorization.[10]

---

[10] *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

<u>Proposed Instruction 8 – Elements of a Valid Contract; Meeting of the Minds; Consideration</u>

In order to demonstrate the EFT Authorization constituted a valid contract between Plaintiff and Allstate, Plaintiff must establish by a preponderance of the evidence that the EFT Authorization includes:

(1) an offer;

(2) acceptance;

(3) a meeting of the minds;

(4) consent to the terms of the contract by all parties;

(5) execution and delivery with the intent that the contract be mutual and binding; and

(6) consideration.[11]

Meeting of the minds describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind.[12]

Consideration is essential to a contract.[13] A lack of consideration occurs when a contract, at its inception, does not impose obligations on both parties.[14]

---

[11] *Young v. Bank of Am., N.A.*, Civil Action No. H-12-3050, 2013 U.S. Dist. LEXIS 197618, at **4-5 (S.D. Tex. May 23, 2013)

[12] *Giese v. Tetra Techs.*, CIVIL ACTION H-20-2626, 2021 U.S. Dist. LEXIS 224665, at *24 (S.D. Tex. Nov. 22, 2021)

[13] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.14

[14] *Johnson v. Westfield Corp.*, CIVIL ACTION NO. 4:17−01568, 2019 U.S. Dist. LEXIS 156171, at *20 (S.D. Tex. Aug. 19, 2019)

<u>Proposed Instruction 9 – Illegal Contract</u>

A contract is illegal and thus void when it obligates a party to perform an action forbidden by law.[15]

The federal Electronic Fund Transfer Act states,

"In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer."[16]

---

[15] *Jinsun, LLC v. Mireskandari*, CIVIL ACTION NO. H-13-1238, 2015 U.S. Dist. LEXIS 113171, at **37-38 (S.D. Tex. Aug. 4, 2015)
[16] 15 U.S.C. § 1693e(b)

Proposed Instruction 10 – Ambiguous Provision

It is your duty to interpret the following language of the EFT Authorization:

**"I (We) authorize The Company and its affiliates and the financial institution designated to deduct payments from my (our) account through electronic fund transfer. I (We) further authorize The Company to make changes to my (our) draft date; premium amount; mode frequency and/or initiate or change a loan repayment amount upon my (our) written, verbal or electronic request(s). All such requests will be confirmed by The Company in writing."**

**"I (We) give my acting agent the authorization to make the following EFT changes: draft date; premium amount; mode frequency and initiate or change loan repayment. Any such request will be confirmed by The Company in writing."**

You must decide this language by determining the objective intent of the parties by the ordinary and plain language of the EFT Authorization.[17] Consider all the facts and circumstances surrounding the making of the EFT Authorization, the interpretation placed on the EFT Authorization by the parties, and the conduct of the parties.[18]

The entire EFT Authorization must be considered so that none of the provisions will be rendered meaningless. An interpretation of the EFT Authorization which renders a provision meaningless is unreasonable and, therefore, not preferred. Similarly, if one party's interpretation would require the insertion of a qualifying phrase, that interpretation must be rejected as violating the rule of giving language its ordinary meaning.[19]

---

[17] County of Maverick v. Tex. Ass'n of Counties of Workers' Comp. Self-Ins. Fund, 852 S.W.2d 700, 705 (Tex. App.—San Antonio 1993)
[18] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.8
[19] County of Maverick v. Tex. Ass'n of Counties of Workers' Comp. Self-Ins. Fund, 852 S.W.2d 700, 705 (Tex. App.—San Antonio 1993)

Proposed Instruction 11 – Elements of Texas DTPA Claim

Plaintiff has asserted a claim against Allstate for alleged violations of the Texas Deceptive Trade Practices Act. In order to demonstrate that Allstate violated the Texas Deceptive Trade Practices Act, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Plaintiff is a consumer;

(2) Allstate engaged in false, misleading, or deceptive acts; and

(3) Allstate's false, misleading, or deceptive acts were the producing cause of Plaintiff's damages.[20]

"False, misleading, or deceptive act or practice" means any of the following:[21]

Representing that an agreement confers or involves rights that it did not have or involve;[22] or

Failing to disclose information about goods or services that was known at the time of the transaction with the intention to induce Plaintiff into a transaction she otherwise would not have entered into if the information had been disclosed.[23]

---

[20] *Sherwin Alumina, L.P. v. Aluchem, Inc.*, Civil Action No. C-06-183, Civil Action No. C-06-210, 2007 U.S. Dist. LEXIS 21237, at *11 (S.D. Tex. Mar. 3, 2007)

[21] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.1

[22] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.4

[23] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.5

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.[24]

A mere denial of coverage, without more, does not constitute a misrepresentation of the rights of the agreement.[25]

In order to be successful on her claim under the Texas Deceptive Trade Practices Act, Plaintiff must demonstrate that a reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim.[26]

---

[24] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.1
[25] *DeLaurentis v. USAA*, 2004 Tex. App. LEXIS 1855, at **24-27 (Tex. Ct. App.—Houston Feb. 26, 2004)
[26] *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 529-31 (N.D. Tex. 2011)

Proposed Instruction 12 – Elements of Texas Insurance Code Claim

Plaintiff has asserted a claim against Allstate for alleged violations of the Texas Insurance Code. In order to demonstrate that Allstate violated the Texas Insurance Code, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Plaintiff is an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, or adjuster;

(2) Allstate is an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, or adjuster;

(3) Allstate misrepresented an insurance policy by either:

(a) failing to state a material fact that is necessary to make other statements not misleading, considering the circumstances under which the statements are made; or

(b) making any statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[27] and

---

[27] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.19

(4) Allstate's act or practice was a producing cause of Plaintiff's alleged actual damages.[28]

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.[29]

A mere denial of coverage, without more, does not constitute a misrepresentation of the rights of the agreement.[30]

In order to be successful on her claim under the Texas Insurance Code, Plaintiff must demonstrate that a reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim.[31]

---

[28] *9520 Homestead, LLC v. Westchester Surplus Lines Ins. Co.*, CASE NO. 4:19-CV-2713, 2019 U.S. Dist. LEXIS 192603, at **4-5 (S.D. Tex. Nov. 6, 2019)

[29] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.1

[30] *DeLaurentis v. USAA*, 2004 Tex. App. LEXIS 1855, at **24-27 (Tex. Ct. App.—Houston Feb. 26, 2004)

[31] *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 529-31 (N.D. Tex. 2011)

<u>Proposed Instruction 13 – Elements of Breach of Duty of Good Faith and Fair Dealing Claim</u>

Plaintiff has asserted a claim against Allstate for an alleged breach of the duty of good faith and fair dealing. In order to demonstrate that Allstate breached the duty of good faith and fair dealing, Plaintiff must establish one of the following elements by a preponderance of the evidence:

(1) Allstate had no reasonable basis for the denial or delay in payment of a claim and Allstate knew or should have known of that fact;[32] or

(2) Allstate refused to pay Plaintiff's claim without conducting a reasonable investigation.[33]

A mere denial of coverage, without more, does not constitute bad faith.[34]

In order to be successful on her claim under the Texas Insurance Code, Plaintiff must demonstrate that a reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim.[35]

---

[32] *St. Luke's United Methodist Church v. Church Mut. Ins. Co.*, Civil Action No. 2:20-CV-00053, 2022 U.S. Dist. LEXIS 59584, at *20 (S.D. Tex. Mar. 31, 2022)

[33] *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 820 n. 18 (S.D. Tex. 2011)

[34] *DeLaurentis v. USAA*, 2004 Tex. App. LEXIS 1855, at **24-27 (Tex. Ct. App.—Houston Feb. 26, 2004)

[35] *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 529-31 (N.D. Tex. 2011)

Proposed Instruction 14 – Elements of Fraud Claim

Plaintiff has asserted a claim against Allstate for fraud. In order to demonstrate that Allstate committed fraud, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Allstate made a material misrepresentation;

(2) the misrepresentation was made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion;

(3) the misrepresentation was made with the intention that it should be acted on by Plaintiff; and

(4) Plaintiff justifiably relied on the misrepresentation and thereby suffered injury.[36]

"Misrepresentation" means—

A false statement or implication of fact;[37] or

A promise or implication of future performance made with an intent, at the time the promise was made, not to perform as promised.[38]

---

[36] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.2

[37] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.3A

[38] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.3B

Proposed Instruction 15 – Elements of Fraud by Nondisclosure Claim

Plaintiff has asserted a claim against Allstate for fraud by nondisclosure. In order to demonstrate that Allstate committed fraud by nondisclosure, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Allstate failed to disclose a material fact within the knowledge of Allstate;

(2) Allstate knew that Plaintiff was ignorant of the fact and did not have an equal opportunity to discover the truth;

(3) Allstate intended to induce Plaintiff to take some action by failing to disclose the fact; and

(4) Plaintiff suffered injury as a result of acting without knowledge of the undisclosed fact.[39]

---

[39] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.4

<u>Proposed Instruction 16 – Elements of Promissory Estoppel Claim</u>

Plaintiff has asserted a claim against Allstate for promissory estoppel. You may only consider this claim if you find that there was no valid contract between Plaintiff and Allstate.[40]

In order to demonstrate that Allstate is liable for promissory estoppel, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Allstate made a promise to Plaintiff;

(2) Plaintiff's reliance on Allstate's promise to her was foreseeable; and

(3) Plaintiff substantially relied on Allstate's promise to her detriment.[41]

---

[40] *Alsbridge, Inc. v. Am. Hotel Register Co.*, CASE NO. 4:20-CV-0844, 2021 U.S. Dist. LEXIS 258961, at *14 (S.D. Tex. June 4, 2021)

[41] *Hunawill v. Bank of N.Y. Mellon*, CIVIL ACTION NO. G-13-355, 2014 U.S. Dist. LEXIS 191597, at *7 n. 6 (S.D. Tex. Apr. 14, 2014)

Proposed Instruction 17 – Agent

An "agent" means a person or entity that is authorized by another to transact business or manage some affair on the principal's behalf. An agency relationship may exist where there is either actual authority or apparent authority. Both actual and apparent authority are created through conduct of the principal communicated either to the agent (actual authority) or to a third party (apparent authority).

"Actual authority is a party's agreement that another act on behalf and for the benefit of the party. If a party so authorizes another to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

"Apparent authority," that is, if a party (1) knowingly permits another to hold himself out as having authority or (2) through lack of ordinary care, bestows on another such indications of authority that lead a reasonable prudent person to rely on the apparent existence of authority to his detriment. Only the acts of the party sought to be charged with responsibility for the conduct of another may be considered in determining whether apparent authority exists.[42]

An agent may not act in a dual capacity for two principals unless both principals, with full knowledge of the facts, consent to such representation.[43]

---

[42] *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 913 (Tex. App.—Dallas 2008).
[43] *Grundmeyer v. McFadin*, 537 S.W.2d 764, 772 (Tex. App.—Tyler 1976)

Proposed Instruction 18 – Presumption of Receipt of Letter

When a letter properly addressed and with postage prepaid is mailed, it is presumed that it was duly received by the addressee.[44]

---

[44] *Windsor Mortg. Holdings Ltd., LLC v. Pyron*, CIVIL ACTION NO. 2:17-CV-170, 2018 U.S. Dist. LEXIS 69386, at *22 (S.D. Tex. Apr. 25, 2018)

Proposed Instruction 19 – Consider Damages Only If Necessary

If Plaintiff has proved her claims against Allstate by a preponderance of the evidence, you must determine the damages to which Plaintiff Fric is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Allstate is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Allstate is liable and that Plaintiff is entitled to recover money from Allstate.[45]

---

[45] Fifth Circuit Pattern Civil Jury Instructions § 15.1

Proposed Instruction 20 – Compensatory Damages

If you find that Allstate is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

(1) The loss of the Policy death benefit.

(2) Plaintiff's mental anguish sustained in the past.

(3) Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.[46]

---

[46] Fifth Circuit Pattern Civil Jury Instructions § 15.2

Proposed Instruction 21 – Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

27

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.[47]

---

[47] Fifth Circuit Pattern Civil Jury Instructions § 3.7

## Question 1A

Was the EFT Authorization a valid contract between Plaintiff and Allstate?

Answer "Yes" or "No"

Answer: _____ [48]

If your answer is "Yes," please continue to Question 1B.

If your answer is "No," please do **not** answer Questions 1B through 4D, and continue to

Question 5A.

---

[48] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.1

## Question 1B

The following language of the EFT Authorization is at issue:

**"I (We) authorize The Company and its affiliates and the financial institution designated to deduct payments from my (our) account through electronic fund transfer. I (We) further authorize The Company to make changes to my (our) draft date; premium amount; mode frequency and/or initiate or change a loan repayment amount upon my (our) written, verbal or electronic request(s). All such requests will be confirmed by The Company in writing."**

**"I (We) give my acting agent the authorization to make the following EFT changes: draft date; premium amount; mode frequency and initiate or change loan repayment. Any such request will be confirmed by The Company in writing."**

Did the parties mutually intend for this language to require Allstate to withdraw funds from Plaintiff and Mr. Fric's bank account to pay premiums sufficient to keep the Policy in effect without prior approval by Plaintiff and Mr. Fric and regardless of the amount of the withdrawal?

You must determine the intent of the parties at the time the agreement was made. Consider all the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties, and the conduct of the parties.

Answer "Yes" or "No"

Answer: _____ [49]

If your answer is "Yes," please continue to Question 1C.

If your answer is "No," please do **not** answer Questions 1C through 4D, and continue to Question 5A.

---

[49] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.37

**Question 1C**

Did Allstate fail to comply with the terms of the EFT Authorization?

Answer "Yes" or "No"

Answer: _____ [50]

If your answer is "Yes," please continue to Question 1D.

If your answer is "No," please do **not** answer Questions 1D through 4D, and continue to

Question 5A.

---

[50] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.2

**Question 1D**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from Allstate's failure to comply with the terms of the EFT Authorization?

Consider the following elements of damages, if any, and none other.

(1) The loss of the Policy death benefit.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

Answer: _____ [51]

Please continue to Question 2A.

---

[51] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.3

**Question 2A**

Did Allstate engage in any false, misleading, or deceptive act or practice that Plaintiff relied on to her detriment and that was a producing cause of damages to Plaintiff?

"False, misleading, or deceptive act or practice" means any of the following:

Representing that an agreement confers or involves rights that it did not have or involve;[52] or

Failing to disclose information about goods or services that was known at the time of the transaction with the intention to induce Plaintiff into a transaction she otherwise would not have entered into if the information had been disclosed.[53]

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.[54]

Answer "Yes" or "No"

Answer: _____[55]

Please continue to Question 2B.

---

[52] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.4
[53] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.5
[54] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.1
[55] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.1

**Question 2B**

Did Allstate engage in any unfair or deceptive act or practice that caused damages to Plaintiff?

"Unfair or deceptive act or practice" means misrepresenting an insurance policy by either:

(a) failing to state a material fact that is necessary to make other statements not misleading, considering the circumstances under which the statements are made; or

(b) making any statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[56]

Answer "Yes" or "No"

Answer: _____[57]

Please continue to Question 2C.

---

[56] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.19

[57] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.14

**Question 2C**

Did Allstate fail to comply with its duty of good faith and fair dealing to Plaintiff?

An insurer fails to comply with its duty of good faith and fair dealing by

    (1) denying Plaintiff's claims without any reasonable basis; or

    (2) refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Answer "Yes" or "No"

Answer: _____ [58]

If you answered "Yes" to one of Questions 2A, 2B, or 2C, please answer Question 2D.

If you answered "No" to all of Questions 2A, 2B, or 2C, please do **<u>not</u>** answer Questions 2D through 2H, and continue to Question 3A.

---

[58] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.21

**Question 2D**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that were proximately caused by such conduct?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[59]

Consider the following elements of damages, if any, and none other.

(1) The loss of the Policy death benefit.

(2) Plaintiff's mental anguish sustained in the past.

(3) Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.[60]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to

---

[59] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 100.13
[60] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.10

your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

(1) The loss of the Policy death benefit.

Answer: _____

(2) Plaintiff's mental anguish sustained in the past.

Answer: _____

(3) Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.

Answer: _____ [61]

Please continue to Question 2E.

---

[61] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.9

**Question 2E**

Did Allstate engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause *of* damages to Plaintiff.

Answer "Yes" or "No"

Answer: _____ [62]

If your answer is "Yes," please continue to Question 2F.

If your answer is "No," please do **not** answer Questions 2F through 2H, and continue to Question 3A.

---

[62] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 102.21

**Question 2F**

What sum of money, if any, in addition to actual damages, should be awarded to

Plaintiff against Allstate because Allstate's conduct was committed knowingly?

Answer in dollars and cents, if any.

Answer: _____ [63]

Please continue to Question 2G.

---

[63] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.11

**Question 2G**

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

Do you find by clear and convincing evidence that the harm to Plaintiff resulted from gross negligence by Allstate?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by Allstate,

(1) which when viewed objectively from the standpoint of Allstate at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(2) of which Allstate had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No"

Answer: _____ [64]

---

[64] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.37B

If your unanimous answer is "Yes," please continue to Question 2H.

If your answer is anything other than a unanimous "Yes," please do **not** answer Question

2H, and continue to Question 3A.

**Question 2H**

Answer the following question only if you unanimously answered "Yes" to Question 2G.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Allstate and awarded to Plaintiff as exemplary damages, if any, for the conduct found in response to Question 2G?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

(1) The nature of the wrong.

(2) The character of the conduct involved.

(3) The degree of culpability of Allstate.

(4) The situation and sensibilities of the parties concerned.

(5) The extent to which such conduct offends a public sense of justice and propriety.

(6) The net worth of Allstate.

Answer in dollars and cents, if any.

Answer: _____ [65]

Please continue to Question 3A.

---

[65] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.38

**Question 3A**

Did Allstate commit fraud against Plaintiff?[66]

Fraud occurs when--

(1) a party makes a material misrepresentation, and

(2) the misrepresentation is made with knowledge of its falsity or made recklessly

without any knowledge of the truth and as a positive assertion, and

(3) the misrepresentation is made with the intention that it should be acted on by

the other party, and

the other party justifiably relies on the misrepresentation and thereby suffers

injury.[67]

"Misrepresentation" means—

A false statement or implication of fact;[68] or

A promise or implication of future performance made with an intent, at the time

the promise was made, not to perform as promised.[69]

Answer "Yes" or "No"

Answer: _____

Please continue to Question 3B.

---

[66] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.1

[67] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.2

[68] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.3A

[69] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.3B

**Question 3B**

Did Allstate commit fraud by nondisclosure against Plaintiff?[70]

Fraud by nondisclosure occurs when—

(1) a party fails to disclose a material fact within the knowledge of that party, and

(2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and

(3) the party intends to induce the other party to take some action by failing to disclose the fact, and

(4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact.[71]

Answer "Yes" or "No"

Answer: _____

If you answered "Yes" to one of Questions 3A or 3B, please answer Question 3C.

If you answered "No" to both Questions 3A and 3B, please do **not** answer Question 3C, and continue to Question 4A.

---

[70] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.1
[71] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 105.4

## Question 3C

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from such fraud or fraud by nondisclosure?

Consider the following elements of damages, if any, and none other.

(1) The loss of the Policy death benefit.

(2) Plaintiff's mental anguish sustained in the past.

(3) Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.[72]

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

(1) The loss of the Policy death benefit.

Answer: _____

(2) Plaintiff's mental anguish sustained in the past.

Answer: _____

---

[72] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.10

45

(3) Plaintiff's mental anguish that, in reasonable probability, she will sustain in the future.

Answer: _____ [73]

Please continue to Question 4A.

---

[73] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.19

**Question 4A**

Did Allstate make a promise to Plaintiff to withdraw funds from Plaintiff and Mr. Fric's bank account to pay premiums sufficient to keep the Policy in effect without prior approval by Plaintiff and Mr. Fric and regardless of the amount of the withdrawal?[74]

Answer "Yes" or "No"

Answer: _____

If your answer is "Yes," please continue to Question 4B.

If your answer is "No," you may end your deliberations and advise the Court security officer you have reached a verdict.

---

[74] *Hunawill v. Bank of N.Y. Mellon*, CIVIL ACTION NO. G-13-355, 2014 U.S. Dist. LEXIS 191597, at *7 n. 6 (S.D. Tex. Apr. 14, 2014)

**Question 4B**

Did Plaintiff substantially rely to her detriment on Allstate's promise to her, if any, and was this reliance foreseeable by Allstate?[75]

Answer "Yes" or "No"

Answer: _____

If your answer is "Yes," please continue to Question 4C.

If your answer is "No," you may end your deliberations, have the jury foreperson complete the Jury Verification page, and advise the Court security officer you have reached a verdict.

---

[75] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 101.41

**Question 4C**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from her reliance on Allstate's promise?

Consider the following elements of damages, if any, and none other.

(1) The loss of the Policy death benefit.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

Answer: _____ [76]

You may end your deliberations, have the jury foreperson complete the Jury Verification page, and advise the Court security officer you have reached a verdict.

---

[76] Texas Civil Pattern Jury Charges, Business, Consumer, Insurance & Employment 2020 Edition § 115.6

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The jury foreperson should then sign and date the verdict form in the spaces below.

**Jury Verification**

The foregoing constitutes the jury's unanimous verdict in this matter.

_____        _____

Date                                                                        Signature of Jury Foreperson

You may end your deliberations and advise the Court security officer you have reached a verdict.

Dated: September 29, 2022             Respectfully Submitted,

                                      *s/ Louis F. Mendez*
                                      David P. Donahue (admitted *pro hac vice*)
                                      Louis F. Mendez (admitted *pro hac vice*)
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Telephone: (205) 719 0400
Email: ddonahue@bressler.com
            lmendez@bressler.com

and

Donald R. Littlefield, Esq.
Texas Bar No. 12427350
Susan A. Logsdon, Esq.
Texas Bar No. 00999300
BRESSLER, AMERY & ROSS, P.C.
3700 Buffalo Speedway, Suite 1020
Houston, TX 77098
Tel.: 713-403-6400
Email: dlittlefield@bressler.com
            slogsdon@bressler.com

*Attorneys for Defendant*
*Allstate Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing served on the following via the Court's CM/ECF system on September 29, 2022:

Jim Cole, Esq.
COLE, COLE, EASLEY & SCIBA, P.C.
302 West Forrest Street
Victoria, TX 77901
jcole@colefirmservice.com

*Attorneys for Plaintiff*

                                      *s/ Louis F. Mendez*
                                      Louis F. Mendez